Curia, per

Johnson, J.
The moral principle, that men in their intercourse with each other should act with perfect fairness, is as broad as the foundation on which society is erected, and, in some form or other, we find it incorporated into the laws of every well regulated society. “ Do unto others as you would have them do unto you,” is the substratum of every civilized code; and the well known rule that no one shall profit by his own wrong, or profit by his own fraud, is built upon it — and wherever it is apparent that one man has profited by fraud and circumvention, to the loss or injury of another, he must respond. It is conceded that the principle does not ordinarily apply as between a purchaser at sheriff’s sale, and the party whose property is sold ; for there the party is merely passive, and the sheriff is not responsible, because he derives no profit from it, and no injury is done to the purchaser when he knows that he purchases upon his own responsibility — he will take care to be well informed of the value of the article sold, or make such an allowance in the price as will cover probable defects. But the rule no longer holds when the party becomes active in the sale, for he is profited by it in the payment of *208 his debt. If a defendant against whom an execution has issued, should so disguise goods incapable of inspection, as cotton in bags, as to make them appear of a quality infinitely more valuable, and place them in the hands of a sheriff to'be levied on and sold under execution, and with the intent that the purchaser should be induced to give more than they were worth — and, deceived by these appearances, he did so, will it be contended that he is not answerable ? Certainly not — and why ? Because it is a fraud, and he who suggests a falsehood by which another is deceived, or suppresses ,the truth when he ought to speak it, is guilty of a fraud. What are the facts here ? The defendant’s negroes (forty in number) had been taken in execution by the sheriff, and were to be sold. He himself attended the sale, and represented that these were a selection from a gang of two hundred negroes, on account of their superior value — and for what ? Can it be doubted that if he was worthy of confidence, which I presume he will not call in question, this declaration was calculated to give purchasers more confidence in the value of the negroes, or that it was intended to operate as an inducement to the purchasers to give more for them? If not, why was it made? Is it not more reasonable.to conclude that he acted under the influence of his interest, than from mere wantonness ? It is said, however, that this declaration referred to the whole gang offered for sale, and that taking them in the aggregate they answered that discretion, and the case of Colcock vs. Goode, 3 McC. 513, is referred to as authority. There the contract of hiring was concerning the whole gang. Here the selling was several, the defendant purchased no other negro. But when the plaintiff was interrogated as to the capacity of this negro, to which his previous declaration had led the way, why did he evade the question by pretending that he had owned her but a short time ? Can it be true that she was so much of an idiot as to be of no value, and he not know it? The case of Davis vs. Murray turned on the form of action, and does not decide this question — on the contrary, it is expressly reserved. Mr. Justice Cheves, who delivered the opinion of the court, says: “I do not *209 mean to say that a sheriff’s sale may not be made the instrument of fraud which will entitle the person deceived to a remedy against the author of it; nor do I mean to say whether the case stated would, or would not, constitute such a case.” That was assumpsit, and the court held that if plaintiff was entitled to any remedy, it was by the action of deceit, and the cause went off on that ground. The case of Thayer and Sturges vs. The sheriff of Charleston district, 2 Bay, 169, only recognizes the well known rule of caveat emptor as applied to sheriff’s sales. The court, of course, do not intend to express any opinion as to the truth of the facts, for they have not been tried. But I think very clearly, that the evidence of fraud was such as ought to have been submitted to the jury,' and that defendant ought to have been let into proof of the unsoundness of the negro. The remaining question has been considered during the present term in the case of Villines vs. King & Park. If the plaintiff has satisfied the execution under which the negro was sold, there is no doubt that he may, in this action, recover the difference between the two sales.
Motion granted.
O’Neall and Harpeh, JJ. concurred.